FOX ROTHSCHILD LLP
Yann Geron
Nicole N. Santucci (Of Counsel)
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Special Litigation Counsel to Angela G. Tese-Milner,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                : Chapter 7
                                                                        :
DANIEL GORDON,                                         : Case No. 09-16230 (AJG)
                                                                        :
                                    Debtor.              :
------------------------------------------------------------x
ANGELA G. TESE-MILNER, TRUSTEE      :
OF THE ESTATE OF DANIEL GORDON,  :
                                                                        :
                                    Plaintiff,            :
                                                                        :
            -against-                                          : Adv. Pro. No. 11-_____ (AJG)
                                                                        :
DANIEL GORDON,                                         :
                                                                        :
                                    Defendant.       :
------------------------------------------------------------x

# COMPLAINT

Angela G. Tese-Milner (the "Trustee"), as chapter 7 trustee of the estate of Daniel Gordon (the "Debtor"), the above-captioned debtor, by her special litigation counsel, Fox Rothschild LLP, as and for her complaint (the "Complaint") against the Debtor, alleges as follows:

## INTRODUCTION

1.   On October 19, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Angela G. Tese-Milner was subsequently appointed interim chapter 7 trustee in this case. On November 17, 2009, Ms. Tese-Milner presided over the meeting of creditors in the Debtor's case and, by operation of law, became the permanent trustee of the Debtor's estate. Ms. Tese-Milner is currently serving in that capacity.

3. This adversary proceeding is brought pursuant to 11 U.S.C. § 542 and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), in order to obtain a judgment against the Debtor directing him to turn over estate property.

## JURISDICTION

4. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

5. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## PARTIES

7. The Trustee is a member of the panel of private trustees established by the United States Trustee pursuant to 28 U.S.C. § 586. The Trustee maintains offices at Tese & Milner, One Minetta Lane, New York, New York 10012.

8. Upon information and belief, the Debtor is an individual who resides at 151 East 85th Street, #10C, New York, New York 10028.

**BACKGROUND**

9. On December 12, 2010, the Debtor filed amended bankruptcy schedules, which listed a $15,000 receivable due from Wurk Times Square LLC (the "Wurk Receivable") as a pre-petition asset.

10. On July 25, 2011, the Debtor testified that the Wurk Receivable was paid to him post-petition.

11. The Debtor further testified that he has not turned over the Wurk Receivable to the Trustee.

12. Upon information and belief, just days prior to the Petition Date, on or about October 15, 2009, Cohen Lans LLP issued a refund of retainer to the Debtor, totaling $23,396.37 (the "Refund of Retainer").

13. Approximately one month prior to the Petition Date, on or about September 3, 2009, the Debtor allegedly received $75,000 from AllStar (the "AllStar Payment").

14. By letter dated August 10, 2011, counsel to the Trustee demanded that the Debtor turn over the Wurk Receivable and any portion of the Refund of Retainer and/or the AllStar Payment which remained in the Debtor's possession as of the Petition Date (the "Demand Letter").

15. Despite several subsequent requests, the Debtor has failed to respond to the Demand Letter.

**COUNT I**
**(Turn over of Property of the Estate – 11 U.S.C. § 542)**

16. Plaintiff repeats and re-alleges each of the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

3

17. Section 542(a) of the Bankruptcy Code provides, in relevant part, that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title…shall deliver to the trustee, and account for, such property or the value of such property…"

18. The Wurk Receivable constitutes property of the bankruptcy estate within the meaning of Sections 541 and 542 of the Bankruptcy Code.

19. To the extent any portion of the Refund of Retainer remained in the Debtor's possession, or under his control, as of the Petition Date, such funds represent property of the bankruptcy estate within the meaning of Sections 541 and 542 of the Bankruptcy Code.

20. To the extent that any portion of the AllStar Payment remained in the Debtor's possession, or under his control, as of the Petition Date, such funds represent property of the bankruptcy estate within the meaning of Section 541 of the Bankruptcy Code.

21. Despite the Trustee's repeated demands, the Debtor has failed to turn over the Wurk Receivable, the Refund of Retainer, and the AllStar Payment to his bankruptcy estate.

22. Based upon the foregoing, the Trustee is entitled to judgment against the Debtor in an amount to be determined that is not less than the total of the full amount of the the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, together with costs, interest, attorneys' fees and any other relief deemed just and appropriate.

## COUNT II
### Unjust Enrichment

23. The Trustee repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

24. The Debtor was enriched by receiving the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, respectively.

25. The Debtor's receipt of the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, respectively, came at the direct expense of the Debtor's bankruptcy estate and his creditors.

26. The Debtor's failure to turn over the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, respectively, is contrary to principles of fairness and good conscience.

27. Based upon the foregoing, the Trustee is entitled to recover from the Debtor an amount to be determined at trial that is not less than the total of the full amount of the the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, together with costs, interest, attorneys' fees and any other relief deemed just and appropriate.

### COUNT III
### Conversion

28. The Trustee repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

29. The Debtor has intentionally exercised dominion and control over the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, respectively, which individually, and collectively constitute assets of the estate.

30. The Debtor's continued possession of the bankruptcy estate's assets coupled with his refusal to return them constitutes conversion of the estate's property. The bankruptcy estate and its creditors were damaged by such conversion.

31. Based upon the foregoing, the Trustee is entitled to recover from the Debtor an amount to be determined at trial that is not less than the total of the full amount of the the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, together with costs, interest, attorneys' fees and any other relief deemed just and appropriate.

## RESERVATION OF RIGHTS

32. The Trustee's investigation into the Debtor's assets and financial affairs is on-going and may likely lead to the discovery of claims against the Debtor. Accordingly, the Trustee hereby expressly reserves the right to amend and/or supplement either the factual bases and/or the relief requested by this Complaint.

*WHEREFORE*, the Trustee demands judgment against the Debtor, as follows:

a. Directing the Debtor to turn over the total of the full amount of the Wurk Receivable, the Refund of Retainer, and the AllStar Payment, together with costs, interest, attorneys' fees and any other relief deemed just and appropriate; and

b. granting such other and further relief as this Court deems just.

Dated: New York, New York  
October 18, 2011

FOX ROTHSCHILD LLP  
Special Litigation Counsel to Trustee/Plaintiff

By: */s/ Yann Geron*  
Yann Geron  
Nicole N. Santucci (Of Counsel)  
100 Park Avenue, Suite 1500  
New York, New York 10017  
(212) 878-7900